[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 5, 1989, a Judgement for Dissolution of Marriage of the parties was entered by this court (Mihalakos, J.). Pursuant to paragraph nine of said judgement, the defendant was ordered to designate the wife as the irrevocable beneficiary on his $200,000 SAFECO life insurance policy and keep said policy unencumbered, to provide the wife with satisfactory evidence that he is properly insured, and to order the insurance company to notify the wife in the event of a premium default. The policy is no longer in effect, nor has a substitute policy been obtained.
Plaintiff filed two motions, one requesting the court to find the defendant in contempt for failing to maintain the policy and the other seeking a modification of the life insurance clause. The defendant advances the argument that the policy was not renewable and therefore there is no wilful contempt. Further, he argues that the court is precluded from modifying the order because "a life insurance order is nonmodifiable." The defendant CT Page 6679 did not testify or offer any evidence in his defense.
It is axiomatic that a trial court considering a domestic relations case acts as a court of equity that is empowered to fashion appropriate relief under its broad equitable powers. That relief includes fashioning relief in a contempt motion to the end of preserving the integrity original judgement. It also permits modification of a life insurance order if the purpose of the order was to secure the payment of periodic alimony.
The court construes the original order to be security for the payment of periodic alimony and not a property assignment. It is clear that the defendant is in wilful contempt for failure to maintain the policy as ordered. Evidence was produced indicating the defendant has a $250,000 life insurance policy with Connecticut National Life Insurance Company. Under the circumstances, the defendant is ordered to remedy the contempt by naming the plaintiff irrevocable beneficiary on $200,000 of coverage from said policy, along with the related orders from the original judgement.
To allay any doubt in the defendant's mind, the court also believes that the judgement is subject to modification. However, the relief which the court would have entered for the modification is the same as that ordered above and therefore is not repeated herein.
Cutsumpas, J.